IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATH W. JACOBE,

        Plaintiff,

     v.

SPECIALTY POLYMERS, INC.
and CASCADE EMPLOYERS
ASSOCIATION INC. OF THE
PACIFIC NORTHWEST,

        Defendants.

Case No. 6:21-cv-00530-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

     Plaintiff Heath W. Jacobe brings this employment action against his former employer, Specialty Polymers Incorporated ("SPI"), and SPI's third-party human resources services provider, Cascade Employers Association Incorporated of the Pacific Northwest ("Cascade"). Plaintiff claims that Cascade aided and abetted in an unlawful employment practice in violation of Or. Rev. Stat. § 659A.030(1)(g). Cascade moves to dismiss. Because liability under ORS 659A.030(1)(g) is not limited to employers and employees, Defendant's Motion to Dismiss, ECF No. 12, is DENIED.

**<u>BACKGROUND</u>**

     In April 2020, Plaintiff sustained an on-the-job injury to his shoulder. Pl.'s Compl. ¶ 9, ECF No 1. Although Plaintiff reported the injury, "SPI failed to give plaintiff the appropriate

1 – ORDER

paperwork to make a workers' compensation claim for his compensable injury." *Id.* Because Plaintiff did not file a workers' compensation claim, he "was instead improperly forced to utilize unpaid leave . . . to care for his work-related injury." *Id.* at ¶ 11. In August 2020, SPI told Plaintiff that he had exhausted his unpaid medical leave. *Id*. at ¶ 12. SPI requested that Plaintiff complete an Americans with Disabilities Act ("ADA") Medical Inquiry to determine "further leave eligibility." *Id*. at ¶ 13. Plaintiff's physician informed SPI that Plaintiff sustained a rotator cuff tear in his right shoulder that limited major life activities. *Id.* at ¶ 14. Plaintiff requested additional unpaid leave as an ADA accommodation. *Id*. at ¶ 14.

> [SPI] initially granted Plaintiff additional unpaid leave as an accommodation; however, [Hildelgardo Milian in SPI's HR Department] also stated on August 17, 2020 in an email to Bethany Wright at Defendant Cascade: "it looks like [Plaintiff] has a Rotator cuff tear on his right shoulder and he will have major life activities including boldly [sic] functions[, l]ifting, [p]erforming manual tasks, [r]eaching and [w]orking. His surgery is not schedule [sic] until this week. Also, he will be out for 3 month [sic] recovery. Can we let him go?" The following day, Wright from Cascade responded to Milian's email and told Millian [sic], incorrectly, that SPI could "let [Plaintiff] go for medical reasons" and did not need to accommodate his disability under the ADA. On information and belief, Wright further assisted SPI and Milian in their unlawful employment practices related to the handling of [Plaintiff's] employment.

*Id*. at ¶ 15.

On September 29, 2020, Plaintiff told SPI that his physician expected he could return to full duty in one month. *Id*. at ¶ 16. Plaintiff provided SPI with a physician's note stating Plaintiff would be unable to work until October 28, 2020. *Id*. On October 26, 2020, SPI terminated Plaintiff's employment, *id*. at ¶ 18, because "we have determined that we are unable to hold your position," *id*. at ¶ 19.

**STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp.*

2 – ORDER

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, this Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

## DISCUSSION

Or. Rev. Stat. § 659A.030(1)(g) states that "[i]t is an unlawful employment practice . . . [f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or attempt to do so." Or. Rev. Stat. § 659A.030(1)(g). As noted, Plaintiff alleges that Cascade aided and abetted SPI's unlawful employment practice when a Cascade representative informed SPI that it could terminate Plaintiff's employment "for medical reasons and did not need to accommodate his disability under the ADA." Pl.'s Compl. ¶ 15 (internal quotations omitted). Cascade moves to dismiss Plaintiff's claim, arguing that it cannot be held liable under Or. Rev. Stat. § 659A.030(1)(g) because it is not an employer or employee as required by the statute.

As this is a legal question regarding an interpretation of Oregon law, this Court is bound by any ruling of the Oregon Supreme Court on this issue. *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. However, in the absence of convincing evidence that the highest court of the state would decide differently, a federal court is

obligated to follow the decisions of the state's intermediate courts." *Id.* at 1239 (internal quotations and citations omitted).

After Plaintiff filed this action, the Oregon Court of Appeals weighed in on the issue presently facing this Court. There, the question before the court was the same question at issue here: "Does ORS 659A.030(1)(g) prohibit everyone from aiding and abetting unlawful employment practices, or just employers and employees?" *Hernandez v. Catholic Health Servs.*, 311 Or. App. 70, 74 (2021). Following an exhaustive—and, as outlined below, convincing—review of the history of the statute, the Oregon Court of Appeals held that "aid-or-abet liability under ORS 659A.030(1)(g) is not limited to employers and employees. Anyone qualifying as a 'person' under ORS 659A.001(9) may be an aider or abettor of an unlawful employment practice in a way that subjects them to liability under ORS 659A.030(1)(g)." *Id.* at 80-81. Absent convincing evidence,[1] this holding in *Hernandez* is binding regardless of "however much the state rule may have departed from prior decisions of the federal courts." *Fireman's Fund Ins. Co. v. Or. Auto Ins. Co.*, No. 03-0025-MO, 2010 WL 3467297, at *3 (D. Or. Sept. 2, 2010) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

Cascade argues that the "well-reasoned decade of precedent from the District of Oregon, the text of Oregon's anti-discrimination statute, ORS 659A.030, along with state court case law interpreting the statute" provide convincing evidence that the Oregon Supreme Court would decide *Hernandez* differently. Def.'s Reply 3, ECF No. 16. To be sure, Oregon District Courts over the past decade have consistently held that paragraph (1)(g) applies to employers and employees only. *E.g.*, *Larmanger v. Kaiser Found. Health Plan of the Nw.*, 805 F. Supp. 2d 1050, 1056 (D. Or. 2011); *Duke v. F.M.K. Constr. Servs., Inc.*, 739 F. Supp. 2d 1296 (D. Or. 2010); *McIntire v. Sage*

---

[1] The Oregon Supreme Court has yet to decide this issue.

*Software* WL 9274301 (D. Or. 2015). As recently as six months ago, this Court, faced with the same question, came to the same conclusion as every other Oregon District Court to consider the question. *See Roberts. v. Springfield Util. Bd.*, No. 19-cv-1595-MC, 2021 WL 472914, at *14 (D. Or. Feb. 9, 2021) (finding *Larmanger* persuasive and adopting its reasoning). However, "opinions of federal court judges on a question of state law, do not constitute 'convincing evidence that the state supreme court would decide [an issue] differently,' *Vestar* [*Dev. II, LLC v. Gen. Dynamics Corp.*], 249 F.3d [958,] 960 [(9th Cir.2001)], nor do those opinions contain any relevant 'convincing evidence.'" *Ryman v. Sears, Roebuck, and Co.*, 505 F.3d 993, 995 n.1 (9th Cir. 2007) (first alteration in original).

Additionally, *Hernandez* considered, and explicitly rejected, Cascade's arguments regarding the text of the statute. In contrast to the federal courts, the *Hernandez* Court first noted that the current statutory language is ambiguous:

> We start with text. ORS 659A.030(1)(g) states that "[i]t is an unlawful employment practice . . . [f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." The simple act of reading reveals something wrong in the crafting. At war with itself, the text suggests that is applies to everyone ("any person") and, simultaneously. that it applies only to employers and employees ("whether an employer or an employee"). The words, and the impossibility they conjure, raise only questions: Why refer to any person if the legislature meant to refer only to employers and employees? Why refer to employers and employees if the legislature meant to refer to any person? Did the legislature think that the universe of "any person[s]" coincided with the universe of employers and employees? The sentence, as written, is more mystery than mandate.

311 Or. App. at 74-75 (alterations and ellipsis in original).

Oregon District Courts[2] viewing the same language concluded that "if the Oregon Legislature had intended § 659A.030(1)(g) to apply against "any person" without exception, it

---

[2] As far as the Court can tell, most Oregon District Courts to consider this question were heavily influenced by the reasoning set forth in *Larmanger*.

5 – ORDER

would not have included the phrase "whether an employer or an employee." *Larmanger*, 805 F. Supp. 2d at 1056. The *Hernandez* court, however, questions instead why the legislature would have included "any person" if it intended the statute to apply only to employers and employees. As the statute defines "person" more broadly than "employer or an employee," this view from *Hernandez* of the opposite side of the same coin makes sense. And when viewed in context of the full legislative history of the statute, the *Hernandez* analysis becomes even more convincing.

Oregon District Courts note that the statute "originally applied to 'any person, whether an employer or an employee, *or not*." 805 F. Supp. 2d at 1056. According to the federal courts, "[t]he removal of 'or not' obviously suggests the Oregon Legislature intended to narrow the class of individuals and/or entities against whom an individual could bring a claim for aiding or abetting discrimination to employers and employees." *Id.* In contrast, after a thorough review of the background behind the 1953 revisions, the *Hernandez* court concludes—convincingly to this Court—that the omission of "or not" was part of "nonsubstantive revisions" "intended to improve the clarity of Oregon law" by "eliminat[ing] words viewed by the revision council as unnecessary." 311 Or. App. at 78-79. Upon reading the *Hernandez* court's thorough history of the purpose behind Oregon's statutory revision counsel, which was to clarify and simplify (but not substantively change) Oregon laws, this Court confirms the *Hernandez* court's suspicion that the district courts (or at least this district Court) "may not have had the extensive information about ORS 659A.030(1)(g)'s enactment history and the role of the statute revision council with which we have been supplied, making it all that much more difficult for [the federal courts] to discern the legislature's intentions from the confounding text produced by the statute revision council's word-reduction efforts." *Hernandez*, 311 Or. App. at 80. It seems clear that in the council's quest to make the statute more readable, it unintentionally introduced ambiguity into a statute that was

6 – ORDER

previously crystal clear.³  *See id*, at 72 ("Aiming to clarify, acting to opacify, a 1953 housekeeping revision made the text of the statute ambiguous[.]").

To summarize, this Court simply got it wrong in previously concluding ORS 659A.030(1)(g) applies only to employers and employees. *Roberts*, 2021 WL 472914, at *14. This Court finds *Hernandez* as convincing as it is thorough. Even if not bound by *Hernandez*, this Court would adopt its reasoning and holding in full and agree that ORS 659A.030(1)(g) applies to "any person" meeting that statutory definition, whether an employer or employee, or not.

## CONCLUSION

Cascade's Motion to Dismiss, ECF No. 12, is DENIED.

IT IS SO ORDERED.

DATED this 16th day of August, 2021.

/s/ Michael McShane
Michael McShane
United States District Judge

---

³ The *Hernandez* court, along with the parties there, agreed that "as originally written with the 'or not,' the provision unambiguously prohibited aiding and abetting by anyone, not just employers and employees." 311 Or. App. at 77.